# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

VICTORIA CATHERINE CARNLINE, )
                                    )
                Plaintiff, )
vs. )                 NO.  CIV-15-0167-HE
                                    )
CAROLYN W. COLVIN, )
Acting Commissioner of the Social )
Security Administration, )
                                    )
                Defendant. )

## <u>ORDER</u>

Plaintiff Victoria Catherine Carnline ("Carnline") filed this action appealing the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits and supplemental security income benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Bernard M. Jones, who has recommended that the Commissioner's decision be reversed and the matter remanded for further proceedings [Doc. No. 20]. Commissioner has filed an objection to the Report and Recommendation [Doc. No. 21]. After conducting *de novo* review,[1] the court concludes that the Report and Recommendation should be adopted, the decision of the Commissioner reversed, and the matter remanded for further administrative proceedings.

Carnline applied for disability insurance benefits and supplemental security income benefits, alleging she became disabled on March 1, 2011. The Social Security

---

[1]*The general standards applicable to the court's review are set out in the Report and Recommendation and will not be repeated here.*

Administration denied her application on initial consideration and reconsideration. Carnline then requested a hearing by an administrative law judge ("ALJ"). The ALJ held the hearing and issued an unfavorable decision on November 8, 2013, concluding that Carnline was capable of performing her previous work as a fast-food worker. The ALJ concluded, in the alternative, that Carnline was capable of performing work as a motel cleaner, price marker, or apparel stock cashier and that these jobs were available in significant numbers in the national economy. The ALJ therefore determined that Carnline was not disabled under the Social Security Act and not entitled to benefits. The Appeals Council denied plaintiff's request for review, so the ALJ's decision is the final decision of the Commissioner.

In her appeal to this court, Carnline asserts three errors in the ALJ's determination. First, Carnline claims that the ALJ failed to account for her mental impairments and the physical impairment to her right wrist in assessing Carnline's Residual Functional Capacity ("RFC"). Second, Carnline claims the ALJ erroneously discounted the credibility of Carnline's testimony regarding the extent of her limitations. Third, Carnline claims the ALJ failed to analyze and consider her Global Assessment of Functioning ("GAF") scores in his determination. Carnline also requests a hearing before a different ALJ on remand.

In his Report and Recommendation, Judge Jones found the first error to be sufficient justification for reversal and remand. Regarding the plaintiff's mental impairments, the ALJ indicated that he generally concurred with the evaluation by the Social Security Administration's psychologist, James Sturgis, PhD. Dr. Sturgis completed a Mental Residual Functional Capacity Assessment ("MRFCA"), concluding that Carnline can perform simple

tasks with routine supervision, can relate to supervisors and peers on a superficial work basis, cannot relate to the general public, and can adapt to a work situation. (Record on Appeal ("ROA") at 462). In the ALJ's RFC determination, he concluded Carnline could perform light work, except that she can perform no more than frequent fine finger manipulation with her left hand/arm, cannot do work involving interaction with the general public in a retail sales context, and can occasionally stoop and crouch. (ROA at 21).

The Commissioner conceded in her objection that the ALJ's determination did not expressly address Carnline's ability to perform only simple tasks with routine supervision or her ability to relate to supervisors and peers on only a superficial work basis. Nonetheless, the Commissioner argues only harmless error has occurred because the jobs identified as suitable for a person with Carnline's RFC constitute unskilled work, which involves "only 'simple' duties that require 'little or no judgment.'" Doc. No. 21, p. 2 (quoting 20 C.F.R. § 404.1568(a) (2015)). Further, Commissioner claims, the descriptions for the jobs cited by the ALJ indicate that functions relating to dealing with people are "not significant." *Id.*

The Tenth Circuit has repeatedly held that a limitation to "unskilled work" is generally insufficient to encompass a claimant's mental impairments. *See*, *e.g.*, Chapo v. Astrue, 682 F.3d 1285, 1291 n. 3 (10th Cir. 2012); Groberg v. Astrue, 505 F. App'x 763, 770 (10th Cir. 2012). For example, inability to maintain concentration, depression, and anxiety giving way to panic attacks may not be addressed solely by a reduction in skill level. Groberg, 505 F. App'x at 767–70; Wayland v. Chater, Nos. 95-7029 and 95-7059, 1996 WL 50459, at *2 (10th Cir. Feb. 7, 1996). However, an ALJ may specifically find and explain how a mental

impairment is addressed by a limitation in skill level. <u>Vigil v. Colvin</u>, 805 F.3d 1199, 1203–04 (10th Cir. 2015). In <u>Vigil</u>, the ALJ found the claimant able to perform light work but not work including complex tasks, work requiring a specific vocational preparation ("SVP") rating higher than two,[2] or work requiring interaction with the general public. *Id.* at 1201. In assessing the claimant's RFC, the ALJ specifically acknowledged evidence of some impairment to concentration, persistence, and pace, and found that the nature of the impairment could be addressed by removing complex tasks from the RFC. *Id.* at 1203. Thus, the ALJ properly imposed a restriction from performing complex tasks in addition to a restriction of skill level to account for the mental impairment. *Id.* at 1204.

The ALJ did not go so far in this case. Although he specifically cited to the state psychologist's MRFCA and stated he "general[ly] concurr[ed]" with it, he then recited his own RFC findings and failed to explain why those findings did not include the MRFCA's limitations regarding simple tasks, routine supervision, and level of interaction with coworkers. (ROA at 28). There is no explanation of how unskilled work would account for these restrictions because the ALJ never explicitly limited the RFC to unskilled work. Commissioner's argument of harmless error would require the reviewing court to both insert a specific restriction to unskilled work and provide the factual and logical basis to justify the restriction. *See* <u>Groberg</u>, 505 F. App'x at 770 ("This argument is not a true 'harmless error' argument because it supplies a new factual and/or legal predicate not present in the ALJ's

---

[2] *Unskilled work corresponds to an SVP of 1–2. SSR 00-4p, 2000 WL 1898704, at \*3.*

reasoning.").

As to plaintiff's physical impairments, the ALJ determined at step two of his analysis that Carnline suffers severe impairments of de Quervain's syndrome and tendinitis of the right wrist.[3] The RFC determination, however, imposes restrictions only on use of the left hand or wrist. The ALJ provided no explanation for the omission of right-wrist restrictions in the RFC. Commissioner asserts the error is harmless because the record contains substantial evidence to support the absence of impairment to the right wrist, but all of that evidence applies equally to the left wrist.[4] Neither the ALJ's opinion nor the Commissioner's arguments provide any rationale for treating her left wrist restrictions differently from her right wrist restrictions.

Based on these two errors, reversal and remand is appropriate. Judge Jones therefore declined to address Carnline's arguments regarding the ALJ's credibility findings and his analysis (or lack thereof) of Carnline's GAF. Judge Jones also recommended denial of Carnline's request that the case be remanded with the "suggestion" that a new hearing be held before a new ALJ. Neither party has objected to these recommendations, and have therefore waived appellate review as to these issues. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996).

---

[3]*See Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005) (explaining the five-step sequential evaluations process).*

[4]*The record reflects Carnline exhibited normal range of motion and full grip strength in both of her hands, and any noncompliance with her thyroid medicine would affect both the tenosynovitis in her right wrist and the de Quervain's syndrome in her left wrist. See ROA at 484.*

For the reasons stated above, the court **ADOPTS** the Report and Recommendation [Doc. No. 20], **REVERSES** the final decision of the Commissioner, and **REMANDS** the case for further proceedings consistent with the Report and Recommendation, a copy of which is attached to this order. This decision does not suggest or imply any view as to whether plaintiff is or is not disabled, or what result should be reached on remand.

**IT IS SO ORDERED**.

Dated this 24th day of February, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE